UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE CHAMBERLAIN GROUP, INC.,

    Plaintiff,

  v.

SHARY NASSIMI,

    Defendant.

CASE NO. C09-5438BHS

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF CERTAIN FINANCIAL RECORDS

    This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion as discussed herein.

## I. PROCEDURAL BACKGROUND

    On March 4, 2010, Plaintiff filed the instant motion to compel discovery. Dkt. 32. On March 15, 2010, Defendant responded. Dkt. 38. On March 19, 2010, Plaintiff replied. Dkt. 42.

## II. FACTUAL BACKGROUND

    This matter arises out of a dispute regarding Plaintiff The Chamberlain Group's ("Chamberlain") purchase of Defendant Shary Nassimi's ("Nassimi") company, International Electronics, Inc. ("IEI"). Dkt. 9 ("Amended Complaint") ¶ 2. Chamberlain

ORDER - 1

1  acquired IEI on or about July 27, 2007. *Id*. At the time, Nassimi was the sole owner of
2  IEI.
3        IEI's business involved the "making and selling [of] devices such as wireless
4  intercoms that used low-powered radio transmitters." Amended Complaint ¶ 3. In
5  connection with the sale of IEI, Chamberlain alleges, Nassimi made representations that
6  form the basis of its complaint. Amended Complaint ¶ 4. Among other causes of action,
7  Chamberlain alleges that it "recently discovered" that Nassimi induced its agreement to
8  purchase IEI through fraud in that certain of Nassimi's representations were and are
9  untrue. Amended Complaint ¶ 5. Based on this alleged recent discovery, Chamberlain
10 seeks the equitable remedy of rescission or, alternatively, substantial damages. Amended
11 Complaint ¶ 6.
12       The instant motion concerns a discovery dispute regarding whether or not Nassimi
13 must answer certain interrogatories and respond to certain requests for production. *See*
14 Dkt. 32 at 8 (motion to compel); *see also* Dkt. 38 at 3 (identifying the interrogatories and
15 requests for production that Nassimi specifically objected to). To support its motion,
16 Chamberlain presents documents that it alleges may establish that Nassimi had motive to
17 commit fraud due to his distressed position, financially and maritally, at or around the
18 time of IEI's sale to Chamberlain.

### III. DISCUSSION

20       Through its motion to compel, Chamberlain seeks to obtain discovery regarding
21 Nassimi's financial history, limited to the time period of "three years before the sale [of
22 Nassimi's company to Chamberlain] and one year thereafter." Dkt. 42 at 5. Chamberlain
23 contends that this information tends to establish a motive for Nassimi's alleged fraud.
24 Dkt. 42.
25       In opposition, Nassimi asserts that Chamberlain is not entitled to such information,
26 primarily because it is not relevant to Chamberlain's claims, specifically fraud. *See, e.g.,*
27 Dkt. 38 at 4. Nassimi argues that "[b]ecause the information and materials sought by

ORDER - 2

1  Chamberlain are *not relevant* to a claim or defense in this action, Chamberlain must
2  demonstrate *good cause* before it can obtain Mr. Nassimi's personal financial
3  information." Dkt. 38 at 5 (citing an unpublished, nonbinding case that is distinguishable
4  on its facts) (emphasis added). Nassimi's argument is that motive is not relevant to any of
5  Chamberlain's claims. However, Nassimi concedes that, if the evidence sought by
6  Chamberlain is relevant to one of its claims, the *good cause* standard does not apply. *See*
7  Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding *any* nonprivileged
8  matter that is relevant to any party's claim or defense . . . .") (emphasis added); *see also,*
9  *e.g., Epstein v. MCA, Inc.*, 54 F.3d 1422 (9th Cir. 1995) (evidence is within the scope of
10 discovery when it is directly relevant to a claim or defense in the litigation).

   If Chamberlain can establish that Nassimi's finances are relevant to its fraud claim,
   it is entitled to obtain the financial information sought. In order to prevail on a claim for
   fraud, Chamberlain must show:

> (1) representation of an existing fact, (2) materiality, (3) falsity, (4) the speaker's knowledge of its falsity, (5) *intent* of the speaker that it should be acted upon by the plaintiff, (6) plaintiff's ignorance of its falsity, (7) plaintiff's reliance on the truth of the representation, (8) plaintiff's right to rely upon the representation, and (9) damages suffered by the plaintiff."

*W. Coast, Inc. v. Snohomish County*, 112 Wn. App. 200, 206 (2002). Each element must be established by "clear, cogent and convincing evidence." *Stiley v. Block*, 130 Wn.2d 486, 505 (1996) (quoting *Sigman v. Stevens-Norton, Inc.*, 70 Wn.2d 915, 920 (1967)) (emphasis added).

The Washington State Supreme Court noted that fraud is "essentially a matter of motive and intention." *American Sav. Bank & Trust Co. v. Bremerton Gas Co.*, 99 Wash. 18 (1917) ("Motive and conduct and situation of the parties are, after all, the only means by which [fraud's] existence can be detected."). The Second Circuit held that "evidence of motive strengthens an inference of intent." *Reddy v. Commodity Futures Trading Commission*, 191 F.3d 109, 119 (2d Cir. 1999). The Ninth Circuit held that evidence of "bad financial condition can be shown as a motive" for proving fraud. *Boston Ins. Co. v.*

ORDER - 3

*Jensen*, 259 F.2d 482, 484 (9th Cir. 1958). Although *Jensen's* holding on this issue is supported only by California state appellate cases, it comports with the other law recognized herein. Further, Nassimi does not adequately present any authoritative case law holding evidence of motive irrelevant on a claim for fraud when it goes to the element of intent. Therefore, the Court concludes that, in general, evidence of motive to commit fraud is relevant to a claim for fraud.

Chamberlain asserts it is entitled to Nassimi's financial records because it has already developed an evidentiary record that would suggest Nassimi had motive to commit the alleged fraud. Dkt. 42 at 1. Chamberlain asserts that Nassimi "was in financial [and marital] distress both before and at the time of the [alleged] fraud." *Id*. To support this claim, Chamberlain points to three documents.

First, Chamberlain submits a letter dated October 6, 2006. that Nassimi wrote prior to the sale of IEI. This letter relates to a home he was building in Malibu, California. *See* Dkt 43, Declaration of Adam Wiers (Wiers Decl.), Ex. B. In the letter Nassimi's appears to state that his finances were "drained" and that his family was "on the line with [their] lives and finances." *Id.*

Second, in an email thread dated August 18, 2005, Nassimi stated the following regarding a request for a $10,000 payment of a bill: "I wish it were 2002, I would shower you with $$ bills. The time will come again, but in the meantime, HELP!" Wiers Decl., Ex. B.

Finally, Chamberlain argues that Nassimi faced financial challenges prior to and during the sale of IEI because of his divorce, which may also evidence motive. Dkt. 42 at 3. In an email thread dated May 24, 2007, Nassimi's financial advisor appears to offer advice on how Nassimi might structure the IEI deal in order to obtain greater financial gains post-divorce: "If we come up with a progress payment, noncompete, or high consulting fee formula, you may be able to keep more to yourself if you are going to have to get a divorce." Wiers Decl., Ex. C.

In opposition and in an effort to undermine Chamberlain's motion to compel discovery that may lead to evidence of motive to commit fraud, Nassimi argues that Chamberlain's theory is temporally irrelevant. *See* Dkt. 38 at 6 (claiming "the divorce did not begin until 15 months after the sale"). Nassimi's position about when his divorce began appears to be flatly contradicted by his financial advisor's pre-divorce financial advice given on May 24, 2007, which was over one month prior to the sale of IEI (sale occurred on July 7, 2007), *see above*.

The Court is unpersuaded by Nassimi's position. Each of the documents relied on by Chamberlain was written prior to the sale of IEI, *see above*. Further, the documents presented by Chamberlain tend to prove, at least on their face, that Nassimi was in some level of financial and marital distress prior to and during the sale of IEI. The Washington State Supreme Court held that, in circumstances where "the possibility of fraud [is] distinct . . . financial records . . . [become] relevant and material . . ." to a party's claim. *Tran v. State Farm Fire and Casualty Co.*, 136 Wn.2d 214, 227 (1998).

Because such is the case here, the Court concludes that Nassimi's financial condition is discoverable on the issue of motive because it goes to the element of intent within the analytical framework of a claim for fraud.

Additionally, Nassimi argues that his tax information, specifically, should not be discoverable because permitting such discovery "intrude[s] upon an individual's privacy rights." Dkt. 38 at 9. However, Nassimi provides no authoritative case law to support this issue. Nassimi also cites some California cases to support such a rule, but Nassimi fails to show how these cases are applicable in the instant matter. Therefore, the Court does not find this argument persuasive. *See id*. (Dismissing a similar argument and concluding that the tax returns requested had "relevance to [his] personal finances and the condition of his solely-owned business.").

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Chamberlain's motion to compel discovery (Dkt. 32) is **GRANTED** as discussed herein. The interrogatories and requests for production must be answered and produced no later than May 11, 2010.

DATED this 28th day of April, 2010.

BENJAMIN H. SETTLE
United States District Judge