UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARY NASSIMI, <br><br> Defendant. | CASE NO. C09-5438BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO FILE SECOND AMENDED ANSWER |

This matter comes before the Court on Defendant's ("Nassimi") motion for leave to file second amended answer (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a dispute regarding Plaintiff's ("Chamberlain") purchase of Nassimi's company, International Electronics, Inc. ("IEI"). Dkt. 9 ("Amended Complaint") ¶ 2. Chamberlain acquired IEI on or about July 27, 2007. *Id.* At the time, Nassimi was the sole owner of IEI. IEI's business involved the "making and selling [of] devices such as wireless intercoms that used low-powered radio transmitters." Amended Complaint ¶ 3. The purchase and sale agreement between the parties included the

ORDER - 1

potential for earn-out payments, progress payments, that would be made to Nassimi over time, thereby increasing the value of the transaction to Nassimi. *See, e.g.*, Declaration of Adam Weirs (Weirs Decl., Dkt. 66), Ex. E (transaction summary). For a more complete factual background see the court's order on partial summary judgment, Dkt. 55.

Relevant to the instant motion, Nassimi argues that new evidence has come to light during the discovery process that Nassimi believes will prove Chamberlain fraudulently induced him to enter into the asset purchase agreement through making allegedly false promises of earn-out payments. Dkt. 63. Nassimi takes the position that Chamberlain never intended to make the projected earn-out payments and/or that the payments, if made, would be substantially lower than projected. In alleging his claim, Nassimi relies on some of Chamberlain's internal documents, which it produced in March of 2009. *See* Weirs Decl., Exs. A-E). These documents consist of internal revenue projections for Chamberlain's concept line of products based on IEI's technology. The projected revenue, if realized, appears to be the basis on which Chamberlain would finance any earn-out payments to Nassimi. *See, e.g.,* Weirs Decl., Exs. D, C (pro forma statement and PowerPoint slides with projections). Nassimi argues that these documents support his position that Chamberlain promised but never intended to make earn-out payments or make the amount of payments promised under their agreement for the purchase and sale of IEI. *See* Dkt. 63. Based on this new information, Nassimi seeks to amend his answer. *Id.* In opposition, Chamberlain argues the motion is late, unsupported, futile, and prejudicial. *See* Dkt. 65.

Additionally, Chamberlain moves to strike some of the information relied upon by Nassimi, as it argues that the documents do not reflect Nassimi's position. *See* Dkt. 71 (surreply).

ORDER - 2

## II. DISCUSSION

**A.    Good Cause for Motion to Amend**

Fed. R. Civ. P. 16 governs where a court, as here, entered a Rule 16 scheduling order governing the timing of amendments to the pleadings. Rule 16 also governs when the deadlines for such amendments has passed. *See* Fed. R. Civ. P. 16; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under such a situation, the moving party must show good cause for granting leave to amend. *See, e.g., id.* To establish good cause, the moving party must show that it has acted with diligence to meet the initial deadline set by the Court. *Johnson*, 975 F.2d at 609.

Chamberlain argues that Nassimi has not acted with diligence. Dkt. 65. Specifically Chamberlain points to the facts that Nassimi formulated his claim of fraud as early as May 2008. *Id.* at 5. However, the Court views the record as showing that, while Nassimi may have been formulating this counterclaim in 2008, it is the evidence recently disclosed and now relied upon that could support Nassimi's counterclaim. Chamberlain also argues that Nassimi has been in possession of the relevant documents now relied upon for three months, as opposed to the six weeks Nassimi claims. *Id.* at 7. Under either scenario, Nassimi's motion is past due, but the Court notes that the relevant documents were disclosed in a relatively large production and Nassimi has not acted with unreasonable diligence in bringing his motion at this late date.

Therefore, the Court concludes that Nassimi has shown good cause for bringing this motion.

**B.    Futility and Prejudice**

Nassimi must also show that the proposed amended pleading is not futile and that Chamberlain would not be unduly prejudiced. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

**1.     Futility**

Chamberlain argues that Nassimi's claim is futile because the contract includes an integration clause that bars his claim of fraud in the inducement. *See* Dkt. 65 at 8 (quoting language from the Asset Purchase Agreement). However, the presence of an integration clause in the contract does not necessarily bar Nassimi's claim of fraud in the inducement.

Chamberlain also argues that the claim is futile because the documents plainly show its plan to make the earn-out payments and that the projections were merely that, projections. While it is true that there are some inconsistencies between Nassimi's portrayal of the documents and what the documents actually contain, this is not dispositive.[1]

Chamberlain further argues that Nassimi has not plead with particularity, as required by Fed. R. Civ. P. 9(b) (requirements of specificity when alleging fraud). However, the Court is satisfied that Nassimi's pleadings are sufficiently specific.

Therefore, The Court concludes that Nassimi's motion is not futile, though, it may be that his claim ultimately fails on the merits; but, for the purposes of the instant motion, the Court does not view the claim as being futile.

**2.     Prejudice**

The Court concludes that Chamberlain will not be unduly prejudiced in this matter because (1) the evidence has already been produced; (2) there is no surprise that Nassimi

---

[1] Nassimi takes the position that Chamberlain's projected earn-out payments, as detailed in its internal "Transaction Summary" document, is zero. However, the Transaction Summary document expressly provides for earn-out payments beginning in 2008. *See* Wiers Decl, Ex. D at 30 (showing projected earn-out, progress payments). This document flatly contradicts Nassimi's position regarding the earn-out projections. It does not, however, necessarily undo the possibility of fraud in the inducement based on false projections. In pursuing this counterclaim, Nassimi will be expected to abandon this claim or explain further his position that Chamberlain's projected earn-out payments equaled zero. This information goes to Chamberlain's motion to strike, which the Court denies.

ORDER - 4

is bringing this claim; and (3) Chamberlain has sufficient time to defend against this claim.

**C.      Conclusion**

For the foregoing reasons, the Court concludes that Nassimi is permitted to amend his answer. However, the grant of this motion is in no way judgment on the merits of Nassimi's counterclaim or the likelihood the Court would grant or deny a motion to dismiss this claim, if made by Chamberlain.

### III. ORDER

Therefore, it is hereby **ORDERED** that Nassimi's motion for leave to file a second amended answer (Dkt. 63) is **GRANTED**.

DATED this 23rd day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5