UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE CHAMBERLAIN GROUP, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SHARY NASSIMI,<br><br>    Defendant. | CASE NO. C09-5438BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY |

This matter comes before the Court on Defendant Shary Nassimi's ("Nassimi") motion to dismiss for failure to join an indispensable party (Dkt. 87). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Nassimi's motion to dismiss for the reasons stated herein.

## I. PROCEDURAL

On August 20, 2010, Nassimi moved the court to dismiss this case for failure to join an indispensable party. Dkt. 87. On September 13, 2010, Plaintiff The Chamberlain Group, Inc. ("Chamberlain") responded in opposition to the motion. Dkt. 101. On September 17, 2010, Nassimi replied. Dkt. 131.

## II. FACTUAL HISTORY

In July 2007, Chamberlain entered into an agreement with Nassimi to purchase his interest, including intellectual property and inventory ownership rights, in International

ORDER – 1

Electronics, Inc. ("IEI") for $14 million. *See* Dkt. 1 at. The agreement required that $1 million remain in an escrow account for two years from the closing date. Dkt. 1 at 21. The agreement was signed by Nassimi alone (*See* Dkt. 1 at 51), but required Nassimi's ex-wife ("Ms. Nassimi") to sign a consent of spouse form for the sale of IEI. *See* Dkt. 88, Ex. A. Chamberlain contends that Nassimi breached the agreement by making material misrepresentations about the products IEI sold. On July 17, 2009, Chamberlain filed its complaint against Nassimi, asserting two separate breach of contract claims. Dkt. 1.

Following the sale of IEI, Nassimi and Ms. Nassimi filed for divorce, which was finalized on June 24, 2009. *See* Dkt. 87 at 2. Nassimi contends that Ms. Nassimi received fifty percent of the IEI sale proceeds (approximately $7 million) in the divorce. *Id.* Additionally, Nassimi contends that Ms. Nassimi would receive fifty percent of the proceeds that remain in the escrow account. *Id.* On August 20, 2010, Nassimi filed this motion to dismiss because, as alleged by Nassimi, Chamberlain failed to join Ms. Nassimi as an indispensable party. *Id.* at 1. Nassimi states in his motion that "IEI was owned by the marital community of [Nassimi and Ms. Nassimi]." Dkt. 1 at 3:6-7. Nassimi argues that because IEI was community property, Ms. Nassimi has an interest in the outcome of this breach of contract lawsuit and is thus an indispensable party. *See* Dkt. 87. Nassimi further asserts that because Chamberlain knew about the divorce decree and Ms. Nassimi's interest in the escrow account, Chamberlain's claims should be dismissed. *See* Dkt. 87.

Chamberlain argues that not only is Ms. Nassimi not an indispensable party under Rule 19, but Nassimi has expressly contended that Ms. Nassimi is not a required party because he has previously stated that "the financial information related to his divorce cannot bear any connection to [Nassimi's] sale of [IEI]" (Dkt. 38 at 7). Dkt. 101 at 1. Chamberlain further argues that it has no claims against Ms. Nassimi because she was not in privity with Chamberlain. *Id.* Chamberlain contends that, if Nassimi believes that Ms.

ORDER – 2

Nassimi is responsible for repaying $7 million of the judgment in this case, then Nassimi should have impleaded her pursuant to Rule 14. *See id.* at 2.

### III. DISCUSSION

Whether an action should be dismissed under Federal Rule of Civil Procedure 19 requires the Court to first "determine whether the absent party is a 'necessary' party. If the absent party is necessary and cannot be joined, the court next must determine whether the party is 'indispensable.'"[1] *Kescoli v. Babbitt*, 101 F.3d 1304 at 1309 (9th Cir. 1996), *citing Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir.1990) (internal citations omitted). Finally, "if joinder is not feasible, the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

**A.   Ms. Nassimi is Not a Required Party Pursuant to Rule 19**

Federal Rule of Civil Procedure 19 governs required joinder of parties:

> A person who is subject to service of process and whose joinder will not deprive the court of sub-ject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

---

[1] In 2007, the rule makers changed the term "necessary party" to "required party" to make "style and terminology consistent" through the rules. Fed. R. Civ. P. 19, Advisory Committee Notes. *See also E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1077-1078 (9th Cir. 2010).

ORDER – 3

To determine whether a non-party is required under Rule 19(a), a court must conduct a two-pronged analysis: First, a court determines whether "complete relief" is possible among those already parties to the suit; and second, a court decides whether the non-party has a "legally protected interest in the suit." *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir.1996). If a non-party satisfies either of the two prongs, the non-party is necessary. *Id.* Nassimi primarily argues that Ms. Nassimi is a necessary party because she would be prejudiced by the outcome—"namely, the return of the purchase price for IEI including the funds held in escrow"; therefore, Nassimi asserts that joinder is required pursuant to the second prong, Rule 19(a)(1)(B).[2] Dkt. 87 at 10.

Under the second prong, a court must determine "whether the absent party has a legally protected interest in the suit." *Makah*, 910 F.2d at 558 (emphasis removed). "If a legally protected interest exists, the court must further determine whether that interest will be impaired or impeded by the suit. Impairment may be minimized if the absent party is adequately represented in the suit." *Id.* (emphasis removed) (citations omitted). A legally protected interest must not be merely a financial interest. *See, e.g., Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm. v. California*, 547 F.2d 962, 970 (9th Cir. 2008) ("[The] interest must be more than a financial stake."); *PainWebber, Inc., v. Bahr*, 97 F.3d 1460 (9th Cir. 1996) (interest must be more than "merely a financial interest"); *Northern Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir. 1986) (interest in the subject matter must be more than merely a financial interest); *see also* 3A MOORE'S FEDERAL PRACTICE, § 19.07(2d ed. 1986) ("The 'interest relating to the subject of the action,' that makes an absent person a party needed for just adjudication [under Rule 19(a)(2) ], must be a legally protected interest, and not merely a financial interest or interest of convenience.").

---

[2] Nassimi fails to assert any adequate argument to suggest that Ms. Nassimi is a required party under Rule 19(a)(1)(A). In his reply, Nassimi asserts a 19(a)(1)(A) claim by making essentially the same arguments for his 19(a)(1)(B) claim. Dkt. 131 at 5.

ORDER – 4

Analysis under the second prong "concerns prejudice, either to the absent persons or to those already parties." *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Comm.*, 662 F.2d 534, 538 (9th Cir. 1981). When an absent party is aware of an action, but chooses not to claim an interest, a court may be less inclined to require joinder. *See United States v. Bowen*, 172 F.3d 682, 688-89 (9th Cir.1999); *see also Eldredge*, 662 F.2d at 538 (concluding that while joinder was not required, it remained a possibility that an interested party could move to intervene under Federal Rule of Civil Procedure 24 if the party was concerned that it would not be adequately represented by the defendant).

Nassimi argues that IEI was community property because Ms. Nassimi was required to sign a consent of spouse form pursuant to the agreement. The consent of spouse form provides as follows:

> I [Esther Nassimi] acknowledge that I have read the PURCHASE AGREEMENT *by and among THE CHAMBERLAIN GROUP, INC., [IEI], and SHARY NASSIMI* ("Purchase Agreement") and that I know its contents. I am aware that by its provisions, my spouse agrees to sell all of *his* shares of stock in [IEI], and all intellectual property assets *personally owned by him* related in any way to the business of such corporation ("Business Assets"). I acknowledge and agree that the [IEI] Business Assets, including any community property interest that I *may* have in them, are subject to the terms of the Purchase Agreement, I hereby consent to the sale, approve of the provisions of the Sale Agreement, and that I will take no action at any time to hinder operation of the Sale Agreement on the Business Assets.

Dkt. 89 at 5 (emphasis added). Nassimi relies on *United States v. Elfer*, 246 F.2d 941 (9th Cir. 1957), to support his contention that Ms. Nassimi is a required party. In *Elfer,* the wife was receiving dependent allowance because her husband was in the military. The court found the ex-husband indispensable and jointly liable where the wife had received an overpayment of dependent allowance. However, *Elfer* is distinguishable from this case because there, both the husband and wife were liable to pay back the dependent allowance as a "community obligation." *Id.* The *Elfer* court was able to determine liability of the parties based upon the record.

ORDER – 5

Here, any community property interest or obligation that Ms. Nassimi had was released by the consent of spouse form signed by Ms. Nassimi. The record supports that Ms. Nassimi's community property interest in IEI was a financial interest at best. The Court cannot determine from the record how Ms. Nassimi's financial interest in IEI arose other than by her divorce from Nassimi. This Court has held, and Nassimi has not contested, that Nassimi was the sole owner of IEI. *See* Dkt. 55. This is further supported by the fact that Nassimi, as owner and president, was the sole signature on the Purchase Agreement. Dkt. 88 at 45. Additionally, Ms. Nassimi only has lien rights (a financial interest) on the escrow account—there is nothing in the record to support Nassimi's contention that Ms. Nassimi is an owner of the escrow account.[3] *Id.* at 52. If Chamberlain prevailed, Nassimi alone would be liable to Chamberlain pursuant to the Purchase Agreement. Furthermore, Nassimi has not shown any evidence to suggest that Ms. Nassimi is unaware of this action, which weighs in favor of declining to require joinder.

Nassimi implies that Ms. Nassimi is a required party because she received half the proceeds from the sale of IEI and a judgment for rescission would require Ms. Nassimi to pay back her share of the proceeds. However, Ms. Nassimi received half of the proceeds from the sale of IEI as the result of her divorce from Nassimi—not the result of a purchase agreement with Chamberlain. Ms. Nassimi would only be liable to Nassimi, not Chamberlain. Chamberlain contends that, if Nassimi believes that Ms. Nassimi is liable to Nassimi for repayment of the proceeds as the result of a judgment for rescission, the more appropriate method to join Ms. Nassimi would be to implead her as a third party defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure. While the Court

---

[3]Nassimi argues that Ms. Nassimi is an owner on the escrow account. Dkt. 131 at 6. However, Ms. Nassimi is no more an owner of the escrow account as she is an owner of IEI. Ms. Nassimi only has an interest in the escrow account because of her divorce from Nassimi, not an agreement with Chamberlain.

ORDER – 6

agrees that proceeding under Rule 14 might be more appropriate, it does not inquire into whether the Court could or would exercise jurisdiction over Ms. Nassimi.

Finally, Nassimi argues that Ms. Nassimi is a required party because she has an interest in any funds remaining in the IEI sale escrow account. However, any interest that Ms. Nassimi has in the outcome of this lawsuit is merely financial and thus, not a legally protected interest under Rule 19(a)(1)(B)(I). *See Northern Alaska Envtl. Ctr,* 803 F.2d at 468. The Court also notes that Ms. Nassimi's interests are adequately represented by Nassimi; both Nassimi and Ms. Nassimi would obviously want Nassimi to prevail in this litigation in order to recover the remaining escrow account funds.

Notwithstanding the foregoing, the plain language of the consent of spouse form contradicts Nassimi's position that Ms. Nassimi has more than a financial interest in this litigation. Specifically, in the consent of spouse form, Ms. Nassimi consents that she is *aware* that Nassimi "agrees to sell all of *his* shares of stock in [IEI]," as opposed to *their* shares. Dkt. 89 at 5 (emphasis added). Moreover she acknowledged that Nassimi was selling "all intellectual property assets *personally owned by him*," as opposed to jointly held assets. *Id*. at 5 (emphasis added). The fact of the matter is that the consent form confirms, contrary to Nassimi's contention, that Ms. Nassimi has no more than a financial interest in this litigation.

**B.    Feasibility to Join a Required Party**

Even if the Court were to find Ms. Nassimi as a required party under Rule 19(a), Ms. Nassimi's absence is not infeasible such as to require the Court to dismiss this action. Nassimi argues that allowing Chamberlain to bring in a required party seven weeks before trial is prejudicial to Ms. Nassimi and, therefore, Chamberlain's claims should be dismissed. Chamberlain argues that, in the Ninth Circuit, there are "three circumstances [under Rule 19] when joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." Dkt. 101 at 8, *quoting Peabody II*, 400 F.3d at 779. This Court agrees.

ORDER – 7

While joining Ms. Nassimi as a required party only seven weeks before trial may prejudice Ms. Nassimi, joinder would not be infeasible. Both parties concede that the Court would have proper venue, personal jurisdiction, and subject matter jurisdiction over Ms. Nassimi.[4] *See* Dkts. 87 at 11, n. 1; 101 at 8. Therefore, joining Ms. Nassimi as a party pursuant to Rule 19(b) is not infeasible.

**C.  Ms. Nassimi is Not a Required Party Requiring Dismissal**

If joinder of a required party is infeasible, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." Fed. R. Civ. P 19(b). "The inquiry is a practical one and fact specific . . . and is designed to avoid the harsh results of rigid application." *Peabody Western Coal Co.*, 610 F.3d at 1083, *quoting Makah*, 910 F.2d at 558. The Court looks to the four factors listed in 19(b) to determine if Chamberlain's claims should be dismissed:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Nassimi argues that he would be severely prejudiced by an order of rescission because he would have to repay the entire contract amount even though he only received half of the proceeds. However, Nassimi only has half of the proceeds because of his divorce and fails to give any reason why he could not later bring a separate action against his wife to repay the entire contract amount if a judgment is rendered against him. And

---

[4]The Court notes that while the parties concede that there is proper jurisdiction over Ms. Nassimi, the Court has not made this determination.

ORDER – 8

while having to bring a second action may somewhat prejudice Nassimi, it does not overcome the prejudice to Chamberlain that a dismissal would cause. Chamberlain contends that it would be extremely prejudiced by a dismissal because Chamberlain would not be able to recover for Nassimi's breach of contract. Additionally, Chamberlain argues that it has no claims that it could bring against Ms. Nassimi because it was not in privity with her. Nassimi does not deny that Chamberlain does not have any claims that it could bring against Ms. Nassimi. Furthermore, as Chamberlain asserts, there are a number of procedural steps the Court could take, such as a continuance to allow the required party to prepare for trial, before dismissing Chamberlain's claims.

Accordingly, the Court finds that Ms. Nassimi is not a required party under Federal Rule Civil Procedure 19.

## IV. ORDER

Therefore, the Court **DENIES** Nassimi's motion to dismiss for the reasons stated herein.

DATED this 25th day of October, 2010.

       BENJAMIN H. SETTLE
       United States District Judge

ORDER – 9