UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THE CHAMBERLAIN GROUP, INC.,

    Plaintiff,

v.

SHARY NASSIMI,

    Defendant.

CASE NO. C09-5438BHS

ORDER DENYING NASSIMI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CHAMBERLAIN'S "BENEFIT OF THE BARGAIN" DAMAGES CLAIM

    This matter comes before the Court on Defendant Shary Nassimi's ("Nassimi") motion for partial summary judgment as to Chamberlain Group, Inc.'s ("Chamberlain") "benefit of the bargain" damages (Dkt. 94). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Nassimi's partial motion for summary judgment for the reasons stated herein.

    On August 20, 2010, Nassimi filed the instant motion for partial summary judgment as to Chamberlain's "benefit of the bargain damages." Dkt. 94. On September 13, 2010, Chamberlain responded in opposition to the motion. Dkt. 114. On September 17, 2010, Nassimi replied. Dkt. 129.

    Nassimi moves this Court for partial summary judgment to "[bar Chamberlain] from presenting damages expert Neal Beaton ("Beaton") and his opinion regarding Chamberlain's benefit of the bargain damages." Dkt. 94 at 1. Nassimi argues at length about how Chamberlain's expert failed to account for the economic recession and Chamberlain Wireless's operational decisions. *See* Dkt. 94 at 7-11. Yet, Nassimi does not

ORDER – 1

argue that Chamberlain's benefit of the bargain damages, as a whole, are contrary to law—only that *Chamberlain's expert's approach* to calculating these damages is improper. *See id*. at 12-13. In fact, Nassimi admits that Chamberlain is entitled to damages if liability is established. *Id*. at 17 ("Chamberlain is entitled to the benefit of its bargain—i.e., the incremental difference between what, on July 27, 2007[,] it thought it would get and what it received"). In sum, Nassimi has brought a summary judgment motion on Chamberlain's benefit of the bargain damages but concedes that Chamberlain would be entitled to benefit of the bargain damages if liability is found.[1]

In short, Nassimi argues that Beaton employs improper means and methods to derive the damages allegedly incurred by Chamberlain—not whether Chamberlain is entitled to benefit of the bargain damages. *See id*. at 16. Nassimi's motion is entirely directed at Chamberlain's expert, Beaton, and the conclusions drawn from his report. *See id*. Nassimi appears to be raising a *Daubert* motion, but he has not provided the proper briefing that is required. For such a motion*, see Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993). While Nassimi has mentioned *Daubert* in passing and Chamberlain has raised a few of the *Daubert* factors, this motion has not been properly brought before the Court.

Therefore, the Court **DENIES** Nassimi's motion for partial summary judgment as to Chamberlain's "benefit of the bargain" damages**.**

DATED this 25th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

---

[1]This Court held that Nassimi breached the contract as a matter of law. Whether and what amount of damages that was sustained by Chamberlain is a question of fact for the jury to decide. *See* Dkt. 145.

ORDER – 2